

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 29, 1964

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. C- 250

Re: Whether, under the
related facts, the
provisions of Article
4344a, Vernon's Civil
Statutes, is sufficient
authority to transfer
balances in certain
specific funds, from
such funds to the credit
of the General Revenue
Fund.

Dear Mr. James:

This office is in receipt of your letter of April
10, 1964, wherein you ask the following question:

"Please advise by official opinion
whether, under the facts as related herein,
the provisions of Article 4344a, Texas Re-
vised Civil Statutes, is sufficient authority
to transfer balances in the specific funds
referred to from such Funds to the credit
of the General Revenue Fund.

"The facts as related by the office of
the Comptroller of Public Accounts are as
follows:

"There is an unexpended balance in the
Federal National Institute of Health Fund
130 of $36.72. This fund was created for
the purpose of receiving deposits of grants
from the Federal government for a research
project to be administered by the Austin
State Hospital, such grants being designated
for the payment of salaries. It is reported
that the project has been completed and the

Austin State Hospital has advised the Comptroller of Public Accounts that the balance in the fund will not be spent by them and the amount will not be required to be refunded to the Federal government.  The balance represents depository interest earned and credited to the fund from 1961 through March of 1964.

"There is an unexpended balance of $1,235.60 in the Federal Drought Relief Fund 290.  This balance represents unexpended balances of Federal grants and/or depository interest under the Drought Hay Program.

"There have been come controversies between the United States Government and the State of Texas with reference to the amount due the Federal Government as refunds under the Hay Program.  The United States government has now deducted from Federal grants to the State Highway Department the amount United States government contends to be due to the Federal government. There are no statutory provisions for the transfer of the amount to the Highway Fund, and there have been no recent transactions in the Drought Hay Program.

"There is an unexpended balance in the Radio and T.V. Administration Fund 69 in the sum of $6,868.00.  This fund was created in 1961 for the purpose of providing administration expenses for the enforcement of the Radio and T.V. Act.  Revenue was credited to the fund as provided by the Act.  The Legislature did not make an appropriation of this amount to the Comptroller of Public Accounts. The Act was repealed by the 56th Legislature in 1959, and the purpose for this fund has ceased to exist.

"On each of the above funds the Comptroller has requested approval of the transfer of the above referred to balances from their respective funds to the credit of the General Fund under the provisions of 4344a and the State Auditor has indicated his approval of a transfer."

The following statute is applicable to the question you have asked:

Article 4344a, Vernon's Civil Statutes:

"The Comptroller, with the consent and approval of the State Auditor and Efficiency Expert, and the State Treasurer, may, at any time, transfer any balance in any dormant fund, the source of which is unknown or the purpose for which it was collected has become moot, into the General Revenue Fund. Any transfer so made may be subject to appropriation as a refund by the Legislature, should the source and purpose of such fund become known and active at any time in the future."

Article 4344a, Vernon's Civil Statutes, provides in certain cases for the transfer of the balances of dormant funds into the General Revenue Fund. It provides that the Comptroller at the consent and approval of the State Auditor and Efficiency Expert, and the State Treasurer may at any time transfer any balance in any dormant funds, the source of which is unknown or the purpose for which it was collected has become moot into the General Revenue Fund.

Under the facts you have submitted, it is our opinion that the Comptroller may transfer the stated balances into the General Revenue Fund if the prerequisites of Article 4344a, Vernon's Civil Statutes, are complied with.

## S U M M A R Y

Under the facts as related herein, the provisions of Article 4344a, Vernon's Civil Statutes, are sufficient authority to transfer balances in the specific funds referred to to the credit of the General Revenue Fund.

Very truly yours,

WAGGONER CARR
Attorney General

By: Bill Morse Jr
Bill Morse, Jr.
Assistant

BM:mkh

-1213-

Hon. Jesse James, page 4 (C-250 )

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Gordon Cass
Howard Fender
Brady Coleman

APPROVED FOR THE ATTORNEY GENERAL
BY:   Stanton Stone